STOUT *v.* MUTUAL BENEFIT LIFE INSURANCE CO.

1. INSURANCE—ACCEPTANCE OF NOTES—WAIVER.

An insurance company which had no notice that its State agents had accepted notes in part payment of the first quarterly premium, in violation of the terms of their contract with it, may not be said to have waived its requirement that only cash would be received in payment of premiums.

<hr>

¹Insurance, 32 C. J. § 572.

2. SAME—WAIVER OF FORFEITURE.
    Where an insurance agent was not authorized to accept
    notes in payment of premiums or to waive forfeiture, his
    acceptance of a note for the second quarterly premium,
    which was never paid, and which was returned to in-
    sured by the agent with the statement that the policy
    would be continued in force until a certain date, when he
    would have to pay, was not binding on the company, nor
    did it amount to a waiver of the terms of payment.

Error to Oakland; Gillespie (Glenn C.), J.  Sub-
mitted October 6, 1927.  (Docket No. 43.)  Decided
April 3, 1928.  Rehearing denied June 5, 1928.

Assumpsit by Lotta M. Stout against the Mutual
Benefit Life Insurance Company on a policy of insur-
ance.  Judgment for defendant on a directed verdict.
Plaintiff brings error.  Affirmed.

*Lawhead & Kenney (Oxtoby, Robison & Hull* and
*Clinton McGee,* of counsel), for appellant.

*James O. Murfin,* for appellee.

CLARK, J.  On November 16, 1925, defendant issued
to Charles W. Stout a life insurance policy in the sum
of $50,000, in which the wife, plaintiff here, was named
beneficiary.  Insured died April 5, 1926.  Defend-
ant refused payment on the ground that the policy had
lapsed and was null and void under its terms.  In
this suit on the policy verdict was directed for defend-
ant and plaintiff brings error.

Johnston & Clark were State agents for defendant
under written contract which authorized them to—

"procure, either by themselves or by persons employed
by them for the purpose, and forward applications for
life insurance in said company, to deliver policies issued
thereon, to collect premiums and other moneys due the
company, to deliver notes, premium receipts and other
papers sent them for that purpose, and to transact the

²Insurance, 32 C. J. § 557.

other proper business of the agency of said company in said territory,"

and which provided:

"The parties of the second part (Johnston & Clark) agree: That they will not accept notes of any kind, nor make, alter or discharge contracts, waive forfeitures, or name any extra percentage for special risks."   *   *   *

The State agents by contract in writing appointed Harry B. Kinsel as agent:

"To secure and forward to the general agent (Johnston & Clark) applications for life insurance in said company, and to deliver the policies issued on such applications; and also to deliver notices, premium receipts and other papers sent him for that purpose and to transmit, account for and pay over to the general agent daily, all moneys received by him belonging to the general agent, or to the said company and to perform such other duties as may be required of him."

Such contract speaks of Kinsel's authority:

"The agent is not authorized to accept risks of any kind, nor to make, alter or discharge contracts, waive forfeitures, or name any extra percentage for special risks, without special authority from the company, nor to credit or remit premiums not actually received, nor to receive for the cash due for premiums anything but cash."

The application, a copy of which is attached to the policy, contains the following:

"Insurance as set forth above is hereby applied for and it is agreed that the only statements which are to be considered as the basis of the contract are those made in this application, and any amendment thereto, and that no one except the president, vice-president, secretary, treasurer or mathematician can make, alter or discharge contracts or waive any of the company's rights or requirements."

And we quote a material provision of the policy:

"Grace and Reinstatement.   Any arrears of premium

and interest may be paid within one month (of not less than thirty days) from the due date, or, if not so paid and the insured shall die within said month, this policy shall be regarded as being then in force and the arrears will be deducted in the settlement thereof; * * * Or, this policy may be reinstated at any time after said month, upon evidence of insurability satisfactory to the company and upon payment of all arrears with interest thereon at not to exceed six per centum per annum, Provided: In any case, the policy has not been surrendered to the company."

The report of the State agents to defendant company is that the first quarterly premium had been paid by the insured in cash and in full. The fact is that insured gave to the soliciting agent Kinsel part of the premium in cash and the remainder by two notes payable to him. Kinsel indorsed the notes and discounted them with his principals, Johnston & Clark, who in turn remitted the full net amount of the first quarterly premium to the defendant. The second quarterly premium became due on February 16, 1926, and some time in advance of that date notice thereof was given to the insured by Johnston & Clark. The premium not being paid, a second notice was given on February 24, 1926, and on March 10, 1926, a third and final notice was given the insured by Johnston & Clark that the last day for payment of such premium was March 16, 1926. Defendant had forwarded to the State agents a receipt for the second quarterly premium to be delivered to the insured upon payment, which not being made, the receipt was returned by Johnston & Clark to defendant company on March 23, 1926, and on March 25th next an entry was made on defendant's records that this insurance had "lapsed."

Meantime Kinsel had not been idle. On February 18, 1926, he procured from the insured a 30-day note for the amount of the second quarterly premium payable to Johnston & Clark, and sought its acceptance by

such agents in lieu of cash, but it was refused at once. Kinsel retained the note until March 23, 1926, when he returned it to the insured by mail, stating in a letter signed "H. B. Kinsel," written on the company's. stationery:

"I am inclosing herewith your note of Feby. 18 ($452.50) now past due.   Have made arrangements so your insurance will remain in force until April 17, 1926, after which you will be required to pay."   *   *   *

We think it needless to state more of the facts.

Appellant contends that the note given to Kinsel paid the second quarterly premium and that payment of such premium in the manner provided by the policy had, in fact, been waived by defendant.   In this regard the trial judge said in directing a verdict:

"Under my view of the case, however, there are no facts upon which such a waiver can be based or which will justify the conclusion that defendant was bound by Kinsel's acceptance of the note.   Johnston & Clark had expressly agreed in their agency contract that they would not accept notes in payment of premiums, and the record shows conclusively that defendant company had no knowledge of the fact that any notes had been accepted by its agents in payment of the premium until after Stout's death.   Before any waiver can be found, or defendant held bound by Kinsel's acceptance of the note, it must be shown that defendant had knowledge of the fact that he had accepted Stout's note or had knowingly permitted him to hold himself out as possessing such authority.   There is a total absence of any proof to show that defendant had knowledge of the acceptance of the notes by its agents and under such circumstances an act by the agent, contrary to his authority, would not be binding upon defendant company.

"That Stout had knowledge of the fact that the note had not been accepted by the company in payment of the premium can not be doubted.   He received three notices of the fact that the premium was due, the last of which set forth in unmistakable language the fact that the policy would lapse on March 16th if the

premium was not paid.    Apparently he gave no heed to the notices, and when the premium was not paid within the thirty days of grace, a notation was made on defendant's records that the policy had lapsed. Under these circumstances I can arrive at no other conclusion than that Kinsel's acceptance of the note did not bind defendant and the policy upon which this action is based was not in effect at the time of the death of assured."

What is said of the note applies with equal force to Kinsel's letter.

We are in accord with the holding of the trial judge and think it well supported by authority easily accessible and which therefore need not be cited.

No other question demands discussion.    We find no error.

Judgment affirmed.

FELLOWS, WIEST, MCDONALD, and SHARPE, JJ., concurred.

The late Chief Justice FLANNIGAN and the late Justices SNOW and BIRD took no part in this decision.