STOUT *v.* JOHNSTON.

1. INSURANCE—PRINCIPAL AND AGENT—AUTHORITY OF SUBAGENT.

Where insured's promissory note, given to subagent in payment of premium, was rejected by insurance company's general agents and insured notified that his policy would lapse if payment was not made by certain date, he had no right to rely on subagent's assurance that he had made arrangements so that insurance would remain in force notwithstanding rejection of his note.

2. SAME—ESTOPPEL—APPARENT AUTHORITY.

Notices sent by insurance company's general agents, and received by insured, that his policy would lapse unless payment of premium was made by certain date estopped insured from relying on doctrine of apparent authority in subagent to continue policy in effect without payment of premium.

3. SAME—RIGHT OF ACTION.

Where insured had no right of action against insurance company's general agents for allowing policy to lapse for nonpayment of premium although their subagent represented to insured that policy would remain in force notwithstanding nonpayment of premium, beneficiaries under policy had no right of action.

Appeal from Wayne; Campbell (Allan), J. Submitted October 5, 1932. (Docket No. 24, Calendar No. 36,487.) Decided January 3, 1933.

Case by Lotta M. Stout and others against Albert S. Johnston and Donald A. Clark, copartners doing business as Johnston & Clark, to recover amount of insurance policy because of misrepresentations of their agent. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Oxtoby, Robison & Hull* and *Lawhead & Kenney,* for plaintiffs.

*James O. Murfin* and *Ben O. Shepherd,* for defendants.

WIEST, J. In *Stout v. Mutual Benefit Life Ins. Co.*, 242 Mich. 181, we held that the insurance policy upon which that suit was brought had lapsed and there could be no recovery. This suit was then brought against defendants, general agents of the insurance company, to recover the amount of the policy because their subagent represented to the insured that he had made arrangements so the insurance would remain in force until April 17, 1926. Mr. Stout died April 5, 1926. The subagent is also dead. Mr. Stout had delivered his note to the subagent for the premium, but defendants herein had refused to accept it. The subagent, instead of at once returning the note to Mr. Stout, held it until March 23, 1926, at which time the policy had lapsed, and he then returned the note by letter with the mentioned assurance. The policy lapsed March 16, 1926.

The circuit judge found that defendants had duly notified the insured that his policy would lapse if the premium was not paid before March 16, 1926; that defendants refused the Stout note, and their subagent had no authority to give the mentioned assurance, and that Mr. Stout, with express warning to the contrary from defendants, could not and did not rely upon the letter of the subagent, and beyond that, the policy itself required actual payment without deviation from its terms. The subagent, Kinsel, acted without authority in assuring the insured that, even though he returned the note, he had made arrangements for the insurance to remain in force. Did the insured have the right to understand that Kinsel, in giving such assurance, was acting within the apparent scope of his authority and to rely thereon? The insured knew his note had been rejected, for it was returned to him, he had had three

notices from defendants that his policy would lapse if he did not pay the premium, and, without payment by him of the premium, it was incumbent upon him to ascertain how this remarkable feat had been accomplished by Kinsel, and whether, under the strange circumstances, and contrary to the terms of his policy and notices to the contrary, it had in fact been accomplished. Defendants rejected the note of the insured and in no way knew of the action of Kinsel. Kinsel made a false representation to the insured. Did the insured have a right to place reliance thereon? His note was returned, he knew that he had not paid nor secured payment of the premium and was given notice three times to such effect, and thereby informed that without payment his policy would lapse, and yet, so far as this record discloses, he merely placed Kinsel's letter among his papers and did nothing. The assurance by Kinsel was contrary to the terms of the policy, outside of apparent authority under the circumstances, and in the nature of grace to which he was not entitled under return of his note, and he should have made inquiry, and had no right to rely upon such gratuitous assurance.

If the insured had no right of action against defendants, the plaintiffs herein have none. The notices, sent by defendants and received by the insured, estopped the insured from relying upon the doctrine of apparent authority to the contrary in the subagent.

Plaintiffs made no case, and the judgment below, for defendants, is affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.